**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-1893**

SANDRA JANNETH MARTINEZ-GUERRERO; K.M.G.M.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  June 11, 2021                    Decided:  July 2, 2021

Before THACKER, HARRIS, and QUATTLEBAUM, Circuit Judges.

Petition for review granted and remand awarded by unpublished per curiam opinion. Judge Quattlebaum dissents.

Suzanne L. Capriotti, THE LAW OFFICES OF SUZANNE L. CAPRIOTTI, LLC, Gaithersburg, Maryland, for Petitioners.  Jeffrey Bossert Clark, Assistant Attorney General, Mary Jane Candaux, Assistant Director, Dawn S. Conrad, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sandra Janneth Martinez-Guerrero (Martinez) and her minor daughter, K.M.G.M. (collectively, "Petitioners"), both natives and citizens of El Salvador, petition for review of the July 20, 2020, decision and order of the Board of Immigration Appeals (the Board) dismissing their appeal from the Immigration Judge's July 23, 2018, oral decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Board affirmed the denial of Petitioners' asylum applications after concluding that death threats made to Petitioners did not constitute past persecution. The Board also affirmed the denial of Petitioners' applications for withholding of removal and CAT protection on similar reasoning. For the reasons explained below, we grant the petition for review and remand for further proceedings consistent with this opinion.

The Immigration and Nationality Act (INA) renders deportable "[a]n alien who enters the United States without required documentation, and who remains present here." *Xing Yang Yang v. Holder*, 770 F.3d 294, 296 (4th Cir. 2014) (citing 8 U.S.C. §§ 1182(a)(7)(A)(i), 1227(a)(1)(A)). The INA, however, creates "several avenues by which such an alien may seek relief from deportation and lawfully remain in the United States." *Id.*

Relevant here, the INA authorizes the Attorney General to confer asylum on a person who is a "refugee" and thereby prevent her deportation. *See* 8 U.S.C. § 1158(b)(1)(A). A "refugee" is a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion,

2

nationality, membership in a particular social group, or political opinion." *Id.* § 1101(a)(42)(A). An asylum applicant can establish refugee status and qualify for asylum by demonstrating past persecution in her native country on account of a protected ground or a well-founded fear of persecution in that country on such a ground. *See* 8 C.F.R. § 1208.13(b) (2020). If an asylum applicant establishes past persecution, she has the benefit of a rebuttable presumption of a well-founded fear of future persecution. *Djadjou v. Holder*, 662 F.3d 265, 272 (4th Cir. 2011).

In assessing a decision of the Board affirming the denial of an asylum application, we review "legal questions de novo and factual findings for substantial evidence, treating the agency's factual findings as conclusive unless any reasonable adjudicator could only reach a contrary conclusion." *Arita-Deras v. Wilkinson*, 990 F.3d 350, 356 (4th Cir. 2021) (internal quotation marks omitted). "In the end, the [Board's] determination whether to grant relief is conclusive unless manifestly contrary to law and an abuse of discretion." *Alvarez Lagos v. Barr*, 927 F.3d 236, 248 (4th Cir. 2019) (internal quotation marks omitted).

We are satisfied that the Board's decision denying Petitioners' asylum applications is manifestly contrary to law and an abuse of discretion because it conflicts with our precedents defining persecution. We have characterized persecution as involving "the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds." *Li v. Gonzales*, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks omitted). Notably, time and again, we have held that threats of death or injury to one's person constitute persecution. *See, e.g.*, *Diaz de Gomez v. Wilkinson*, 987

3

F.3d 359, 363 & n.2 (4th Cir. 2021); *Bedoya v. Barr*, 981 F.3d 240, 246 (4th Cir. 2020); *Zavaleta-Policiano v. Sessions*, 873 F.3d 241, 247 (4th Cir. 2017).

Here, Martinez testified during the hearing before the Immigration Judge that Petitioners began receiving death threats after Martinez's 14-year-old brother-in-law (who is also K.M.G.M.'s uncle) was murdered by gang members for refusing to join their ranks.[*] The first death threat made to Petitioners was in the form of a note left under the door of Petitioners' home. The note threatened to harm and kill Petitioners if Martinez said anything to anyone about the details of her brother-in-law's murder. The second death threat made to Petitioners was in the form of an anonymous call to Martinez's cell phone. The anonymous caller threatened that Petitioners would suffer the same fate as Martinez's brother-in-law and demanded money. Martinez believed that the persons who made the death threats were the same persons who killed her brother-in-law.

Despite deeming Martinez's testimony credible, the Board ruled that the death threats made to Petitioners did not constitute past persecution because Petitioners remained in El Salvador for about a year after receiving the threats and did not suffer any further threats or physical harm. However, we conclude that the Board's ruling is generally contrary to our repeated recognition that death threats constitute persecution and specifically contrary to our recent decision in *Bedoya*, 981 F.3d at 246-47 (holding petitioner established past persecution based on death threats contained in letters delivered

---

[*] The murder victim was the brother of Martinez's common law husband.

4

to his home and in text messages sent to his cell phone even though petitioner did not flee home country until about five months after receiving threats).

In addition to conflicting with our precedents, the Board's past persecution analysis ignores unrebutted, material evidence. More specifically, the Board ignored Martinez's testimony explaining why Petitioners remained in El Salvador for about a year after receiving the threats. That is, Martinez testified that she did not have the money to flee El Salvador with her daughter until that time. Martinez added that she took what steps she could to protect herself and her daughter in the interim, including by moving next door and by staying home or only leaving the house with a companion. By overlooking this unrebutted, material evidence, the Board abused its discretion. *See Rodriguez-Arias v. Whitaker*, 915 F.3d 968, 974 (4th Cir. 2019) ("It is an abuse of discretion for the [Board] . . . to arbitrarily ignore relevant evidence.").

We are thus satisfied that the Board's ruling that Petitioners had not established that they suffered past persecution is manifestly contrary to law and an abuse of discretion. We therefore grant the petition for review and remand for the Board to reconsider Petitioners' asylum applications and apply the presumption of a well-founded fear of future persecution. *See Bedoya*, 981 F.3d at 247. Additionally, because the Board's erroneous ruling as to past persecution infected its assessment of Petitioners' withholding of removal claims, and because that ruling appears to have impacted the Board's consideration of Petitioners' claims for CAT protection, we remand for the Board to reconsider those claims too. *See Diaz de Gomez*, 987 F.3d at 366-67.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION FOR REVIEW GRANTED*
*AND REMAND AWARDED*

QUATTLEBAUM, Circuit Judge, dissenting:

I would deny the petition. The BIA properly found that death threats may constitute persecution. It also found that under the record here, the threats were insufficient to establish persecution. In my view, substantial evidence supports that determination.